FILED

JAN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LOREN CHRISTOPHER TARABOCHIA, | No. 11-35723 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01542-MO |
| v. | |
| CITY OF ASTORIA, OREGON; TWO UNNAMED ASTORIA POLICE OFFICERS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges

Loren Christopher Tarabochia appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his Fourth Amendment rights by detaining him without reasonable suspicion to believe that he was engaged in criminal activity. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008)*,* and we affirm.

The district court properly granted summary judgment because Tarabochia failed to raise a genuine dispute of material fact as to whether defendants had reasonable suspicion to believe that he was in violation of the conditions of his probation. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009) (reasonable suspicion requires "considerably less than proof of wrongdoing by a preponderance of the evidence," and an officer need only "be able to articulate facts creating grounds to suspect that criminal activity may be afoot" (citation and internal quotation marks omitted)); *see also State v. Hiner*, 246 P.3d 35, 37-38 (Or. Ct. App. 2010) ("The authority to arrest a probationer for violation of a probation condition implies the authority to stop persons reasonably suspected of violating that probation condition.").

The district court did not abuse its discretion in denying Tarabochia's motion for a continuance of summary judgment to conduct further discovery because Tarabochia did not show that additional discovery would have precluded summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090,

1100 (9th Cir. 2006) (setting forth standard of review and continuance requirements).

We reject Tarabochia's contentions regarding defendants' alleged attempts to assassinate his character. *See City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936 (1995) (recognizing that reversal for evidentiary errors "will not be granted unless prejudice is shown").

**AFFIRMED.**